**Carmen Barrera PEREZ and Inoe Perez, Appellants,**

v.

**LIVING CENTERS–DEV.CON, INC. and Ian Groggle, Appellees.**

No. 04–97–00089–CV.

Court of Appeals of Texas, San Antonio.

Feb. 18, 1998.

Robert N. Carnahan, Law Offices of Robert N. Carnahan, Corpus Christi, for Appellants.

Stephen H. Dimlich, Jeffrey C. Londa, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Houston, for Appellees.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

The issue in this case is whether a plaintiff with a cause of action falling within the purview of the Texas Commission on Human Rights Act (TCHRA) may fashion her claim as a common law cause of action to avoid the administrative review system of the TCHRA. Carmen Barrera Perez sued her former employer, Living Centers of America, Inc., for sexual harassment. In response, Living Centers of America, and its administrator, Ian Groggle, removed the case to federal court and filed their answers. Shortly afterwards, a federal district judge determined that the federal court had no jurisdiction over the lawsuit because Perez failed to ex-haust her administrative remedies under Title VII of the Civil Rights Act, see 42 U.S.C. §§ 2000e (1994) (prohibiting employment discrimination on basis of gender and establishing administrative review system), and remanded the case to state court.

Following remand, Perez amended her petition four times to assert various additional claims for negligence, assault and battery, intentional infliction of emotional distress, and invasion of privacy. The first of those amendments added Perez's husband as a plaintiff and asserted loss of consortium. In this amendment process, Living Centers–DevCon (Living Centers) was substituted as a defendant for Living Centers of America. After Perez's third amendment, Living Centers and Groggle moved for summary judgment on the grounds that Perez's suit was properly considered under either Title VII or the TCHRA, but barred by Perez's failure to exhaust administrative remedies under either of these acts. After a hearing, the trial court granted Living Centers's motion and dismissed Perez's claims with prejudice.

In appealing the trial court's order, Perez asserts that her lawsuit is a common law action brought against her former employer for physical, sexual and emotional abuse committed by one of Living Centers's supervisors. Perez argues that the effect of the trial court's order is to hold that her claim can exist only under Title VII or the TCHRA. She explains that she chose not to sue under Title VII or TCHRA because of the brief time limit to file a claim under those acts. As an action in tort, her suit, Perez argues, is properly maintainable under common law.

In response, Living Centers contends that Texas law conclusively holds that the TCHRA is the exclusive remedy for the conduct about which Perez complains. Having failed to file a claim with the Equal Employment Opportunity Commission (EEOC) or the Texas Commission on Human Rights (TCHR) within the required time frame,[1]

---

1. Title VII requires an aggrieved employee to file a charge of employment discrimination with the EEOC within 300 days after the date the alleged unlawful employment practice occurred. See 42 U.S.C. § 2000e–5(e) (1994). The TCHRA re-quires an aggrieved employee to file a charge of employment discrimination with the TCHR within 180 days after the date the alleged unlawful employment practice occurred. See TEX. LAB. CODE ANN. § 21.202 (Vernon 1996).

Living Centers argues that Perez's suit is now barred by her failure to exhaust the administrative remedies available under Title VII or the TCHRA. Living Centers argues that Perez's suit is not a common law tort case, but is actually a sexual harassment suit now time-barred. Living Centers contends that Perez fashioned her claim as a common law tort action only to avoid the preclusive effects of her failure to act earlier.

In its motion for summary judgment, Living Centers asserted four grounds for dismissing Perez's claim: (1) that Perez's failure to file with the EEOC or the TCHR deprived the trial court of jurisdiction over her case; (2) that even if the court had jurisdiction, Living Centers took prompt remedial action which ended the alleged harassment; (3) that because Ian Groggle was not an employer, he could not be held liable for any alleged violation of Title VII or the TCHRA; and, (4) that Perez's husband's claim for loss of consortium was precluded because Perez's underlying claim was time-barred and was not supported by physical injury. The trial court's order did not specify which of these grounds supported its decision to grant summary judgment. When the summary judgment order does not include the specific grounds for the ruling, the judgment may be affirmed on any meritorious theory presented in the motion. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Because the first ground asserted by Living Centers is dispositive of its other three grounds, we first address whether the TCHRA preempts common law causes of action that arise from a discriminatory employment practice.

### Is the TCHRA the exclusive state law remedy for the conduct alleged by Perez?

The TCHRA prohibits employment discrimination on the basis of "race, color, disability, religion, sex, national origin, or age." Tex. Lab.Code Ann. § 21.052 (Vernon 1996). The act essentially codified federal employment law. *Compare* 42 U.S.C. § 2000e (1994) (prohibiting employment discrimination on the basis of race, color, religion, sex or national origin), § 12101–213 (1994) (prohibiting employment discrimination on basis of disability) *and* 29 U.S.C. §§ 621–34 (1994) (prohibiting employment discrimination on basis of age), *with* Tex. Lab.Code Ann. § 21.052 (Vernon 1996) (prohibiting same conduct). Both Living Centers and the Texas Business Association, which has filed an amicus curiae brief in support of Living Centers's position, assert that the TCHRA serves as the exclusive state-law remedy for conduct proscribed by the TCHRA. In support of this argument, Living Centers relies on *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991).

*Schroeder* is an age discrimination case in which the Supreme Court of Texas held that a plaintiff claiming age discrimination must exhaust his administrative remedies under the TCHRA before he can pursue a civil lawsuit. *See Schroeder*, 813 S.W.2d at 488. According to Living Centers, the Supreme Court of Texas determined in *Schroeder* that the remedial processes of Title VII and the TCHRA could not be avoided by asserting common law or statutory claims. Living Centers relies on the following language taken from *Schroeder*: "[T]he statutory provisions of the [TCHRA] are ... mandatory and exclusive and must be followed or the action is not maintainable." *Id. Schroeder*, however, did not address the issue being considered here.

In *Schroeder*, the Court considered only the TCHRA in its analysis of plaintiff-Schroder's claim. Noting that no other law applied to Mr. Schroeder's claim,[2] *id.* at 487, the Court addressed whether Mr. Schroeder had to exhaust his administrative remedies under the TCHRA before he could sue under that law, *id.* at 485–88. The Court did not address whether the TCHRA precluded suit under common law for causes of action that arose from the same facts as employment discrimination.[3] Thus, we do not find the

---

**2.** In a footnote, the Court noted that Mr. Schroder did not specify the basis of his age discrimination claim in his original petition, but instead indicated that his claim was based on the TCHRA in his response to the defendant-employer's motion for partial summary judgment. *Schroeder*, 813 S.W.2d at 485 n. 6.

**3.** Interestingly, the Court in *Schroeder* considered the plaintiff's tort claim of misrepresentation in

Court's language in *Schroder* about the exclusivity of the TCHRA's remedial system to control in the instant case.

Living Centers also relies on *Stinnett v. Williamson County Sheriff's Department*, 858 S.W.2d 573 (Tex.App.—Austin 1993, writ denied). Living Centers maintains that *Stinnett* addressed a question analogous to the issue here; *i.e.*, whether a common law tort claim arising from the same factual allegations as a statutory discrimination claim is preempted by the TCHRA. However, the plaintiff in *Stinnett* alleged a single statutory cause of action that could have been maintained under the TCHRA—that is, a claim of retaliatory discharge under the Whistleblower Act. *See Stinnett*, 858 S.W.2d at 574. Mr. Stinnett alleged that he was fired because he complained about age discrimination, and sued under the Whistleblower Act. *Id.* Thus the court of appeals was required to distinguish two statutory causes of action; *i.e.*, the TCHRA which prohibits age discrimination in employment and the Whistleblower Act which prohibits retaliatory action against a public employee who reports a violation of law. The court determined that although the Whistleblower Act barred retaliatory discharge, *id.* at 575, the TCHRA contained a more specific prohibition; that is, the TCHRA prohibited employers from retaliating against employees who complained about employment discrimination, *id.* at 576. As a result, the court of appeals determined that the specificity of the TCHRA preempted the more general provisions of the Whistleblower Act. *Id.* (determining that Whistleblower Act prohibited discharge because employee reported a violation of law, but TCHRA prohibited discharge because employee complained of employment discrimination). But Perez did not pursue another statutory cause of action; thus, *Stinnett* does not control here.

We also find Living Centers's reliance on *Vincent v. West Texas State University*, 895 S.W.2d 469 (Tex.App.—Amarillo 1995, no writ), to be inapplicable. Living Centers relies on *Vincent* to argue that a plaintiff cannot avoid the TCHRA's exhaustion prerequisite by pursuing a related common law cause of action. In *Vincent*, the court of appeals

considered plaintiff-Vincent's sexual harassment claim. *See Vincent*, 895 S.W.2d at 471. Like Perez, Ms. Vincent did not file a complaint with the TCHR. *Id.* However, unlike Perez, Ms. Vincent did not allege negligence, assault and battery, intentional infliction of emotional distress, and invasion of privacy. Instead, Ms. Vincent alleged sexual harassment and wrongful termination that she claimed resulted from her complaints about her harassment. *Id.* In the alternative, Ms. Vincent pursued her wrongful termination claim under the Texas Tort Claims Act. *Id.* In considering Vincent's sexual harassment claim, the court of appeals found that Vincent's failure to file a complaint with the TCHR deprived the trial court of jurisdiction. *Id.* at 473. The court of appeals then determined that because the TCHRA prohibited retaliation for reporting employment discrimination, Vincent's retaliatory discharge claim was properly considered under the TCHRA. *Id.* at 474. As a result, the court concluded that the TCHRA preempted the Texas Tort Claims Act as the act applied to Vincent's claim of retaliatory discharge. *Id.* Because another statutory cause of action is not at issue here, *Vincent* does not apply.

After reviewing each of the cases cited by Living Centers and Perez, we conclude that the issue presented in this case has not been addressed by any court in the state. So we now review the express purposes of the TCHRA to determine whether the Texas legislature intended for the TCHRA to preempt common law causes of action. *See Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994) (stating that primary rule in interpreting statutes is to determine legislative intent). The TCHRA was enacted

(1) to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended (42 U.S.C. Section 2000e et seq.), and to create an authority that meets the criteria under 42 U.S.C. Section 2000e–5(c) and 29 U.S.C. Section 633; and

(2) to secure for persons within the state freedom from discrimination in certain transactions concerning employment, and thereby to protect their interest in person-

addition to age discrimination claim. *Schroeder*, 813 S.W.2d at 488–89.

al dignity; and to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

Texas Commission on Human Rights Act, 68th Legis., 1st C.S., ch. 7, art. 1, § 1.02, 1983 Tex. Gen. Laws 37, 37–38. These purposes have remained virtually unchanged despite legislative amendments in 1989,[4] 1993,[5] and 1995.[6] Notably, neither an intent to serve as an exclusive remedy, nor an intent to preclude common law causes of action, is contained within the stated purposes of the TCHRA. *See* Tex. Lab.Code Ann. § 21.001 (Vernon 1996). Additionally, the statute contains no provision that implies the TCHR's administrative review system precludes a lawsuit for common law causes of action. Instead, the opposite proposition can be implied from section 21.211.

Section 21.211, Election of Remedies, provides that

[a] person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

If the modifying language in the above paragraph is omitted, this provision implies that an aggrieved employee may sue for a common law cause of action that arises from the same facts as a discriminatory employment practice without filing a complaint with the TCHR. With the modifying language omitted, the provision reads:

4. The 1989 amendment added the language "disabled persons" to section (2) above. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 1186, § 1, 1989 Tex. Gen. Laws 4824,4824.

5. The 1993 amendment added section 21.001(3) which now reads:
   to provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments (42 U.S.C. Section 12101 et seq.);

[a] person who has initiated an action in a court of competent jurisdiction ... based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

Rather than preclude other causes of action that might arise from an employment practice made unlawful by the TCHRA, this language implies that a plaintiff cannot have two bites at the apple. That is, a plaintiff cannot first sue a defendant-employer for a non-TCHRA cause of action for conduct arising from the same facts as employment discrimination and then pursue a claim of employment discrimination through the administrative review system established under the TCHRA; or, a plaintiff cannot elect to pursue an administrative remedy under some other administrative review system, and then file with the TCHR as well. This provision requires a plaintiff to pick a remedy and permits a plaintiff like Perez to pursue common law causes of action that arise from the same facts as sexual harassment.

This interpretation is supported by our review of the legislative history of the TCHRA. *See Union Bankers*, 889 S.W.2d at 280 (advising courts to review legislative history to ascertain legislative intent). The TCHRA was introduced to the Texas Legislature as House Bill 14 (HB 14). The bill was sponsored in the House by Representative Wilson. When questioned about why the legislature should enact a state law that simply codified existing federal employment law, Mr. Wilson testified that the law would expedite and localize the processing of employment discrimination claims that were then being processed by a federal agency, the EEOC. On the day that Mr. Wilson testified, the House adopted the bill without discussion of any other purpose.

Tex. Lab.Code Ann. § 21.001(3) (Vernon 1996); *see* Act of May 14, 1993, 73d Leg., R.S., ch. 276, § 1.02, 1993 Tex. Gen. Laws 1285, 1285.

6. The 1995 amendment recodified existing labor law and relocated the TCHRA from the Texas Civil Statutes to the Texas Labor Code. The amendment added the phrase "subsequent amendments" to the first phrase in section (1) above. *See* Act of April 21, 1995, 74th Leg., R.S., ch. 76, § 9.01(b), 1995 Tex. Gen. Laws 458, 621.

The purpose of expediting and localizing employment discrimination claims was echoed by Senator Doggett when the bill was adopted by the Senate later that same day. Notably, Mr. Looney, representing the Texas Association of Business, testified to the Senate that the bill represented compromise between the members of the House and Senate that supported human rights legislation and the Texas Association of Business. The compromise resulted in several amendments to HB 14. Those amendments modified the original bill's language regarding handicapped persons, abortion, the sunset date, and funding. No amendment or testimony, or anything in the legislative history of the TCHRA, however, indicates that legislators meant for the TCHRA to preclude common law causes of action. Instead, the legislative history indicates that legislators believed the law would give Texans an additional remedy—that is, a state level administrative review process. As a result, we conclude that Ms. Perez's failure to file a complaint with the TCHR does not preclude her from pursuing common law causes of action that arise from the same facts as her previous sexual harassment claim.[7] Consequently, a decision to grant summary judgment on this ground would have been error.

### Living Centers's Remaining Grounds for Summary Judgment

We now turn to the last three grounds asserted by Living Centers to support its motion for summary judgment: (1) that Living Centers took prompt remedial action that ended the alleged sexual harassment; (2) that Groggle could not be held liable for violating Title VII or the TCHRA because he was not an employer for the purposes of those acts; and (3) that Perez's husband's claim for loss of consortium was barred because Perez could not pursue her underlying claims. However, each of these grounds is contingent on our disposition of the first ground for summary judgment. Having decided that Perez's claims are not precluded by the TCHRA, the remaining grounds are inapplicable to Perez's claims for negligence, assault and battery, intentional infliction of emotional distress, and invasion of privacy. As a result, the remaining three grounds would have been improper for granting summary judgment.

Because none of the grounds asserted by Living Centers was proper for granting summary judgment, we sustain Perez's point of error. Having sustained Perez's point of error, we reverse the trial court's order and remand for further proceedings.

---

7. *Cf. Maksimovic v. Tsogalis*, 177 Ill.2d 511, 227 Ill.Dec. 98, 100–01, 687 N.E.2d 21, 23–24 (1997) (holding that Illinois Human Rights Act was not enacted to preclude common law causes of action arising from same facts as civil rights violations, but was enacted to promote efficient and uniform processing of state civil rights claims); *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 194 (Tex.App.—Fort Worth 1995, writ denied) (deciding that remedial scheme established by Payday Law did not replace common law cause of action for unpaid wages); *Nagel Mfg. & Supply Co. v. Ulloa*, 812 S.W.2d 78, 79–80 (Tex.App.—Austin 1991, writ denied) (considering plaintiff's claims for sexual harassment under TCHRA in addition to plaintiff's claims for common law assault and intentional infliction of emotional distress); James C. Barber, *Procedural Requirements for Discrimination Suits under the Texas Commission for Human Rights Act*, 58 Tex. B.J. 318, 323(1995) (advising plaintiffs to add common law causes of action with TCHRA claim in order to keep individual defendants in lawsuit and to allow plaintiff to assert compensatory damages should they not be available under TCHRA); Brooks William Conover, III, *Jurisdictional and Procedural Issues under the Texas Commission on Human Rights Act*, 47 Baylor L.R. 683, 691 (1995) (describing TCHRA as providing the exclusive "administrative review system" for employment discrimination claims); Durwood D. Crawford, *Sex Harassment: A Shield and a Sword*, 53 Tex. B.J. 574, 576 (1990) (reporting that a typical sexual harassment case alleges additional causes of action for intentional infliction of emotional distress, assault and battery, negligent hiring or retention of supervisor, common law, torts, and violation of Texas Equal Rights Amendment to increase damages recoverable beyond those allowed by Title VII and TCHRA).