IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50916
_____

MARIE PFAU,

Plaintiff-Appellant,

v.

WILLIAM REED, In His Official Capacity as Director of
the Defense Contract Audit Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

February 8, 1999

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before KING, Chief Judge, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

This appeal is before us on remand from the United States Supreme Court for further consideration in light of its recent decisions in Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998), and Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998). See Pfau v. Reed, 119 S. Ct. 32 (1998), vacating 125 F.3d 927 (5th Cir. 1997). Having reviewed these decisions and the parties' supplemental briefs, we reinstate part II(A) of our prior opinion and AFFIRM the district court's dismissal of plaintiff-appellant Marie Pfau's claims of intentional infliction of emotional distress. See Pfau v. Reed, 125 F.3d 927, 932-34

(5th Cir. 1997).  The district court should reconsider its decision to grant summary judgment on Pfau's claims of sexual harassment in the light of <u>Faragher</u> and <u>Ellerth</u>.  Without intending to limit the scope of that reconsideration, the district court should address the issue of whether Pete Gonzales was Pfau's supervisor under <u>Faragher</u> and <u>Ellerth</u> and, if so, whether the defendant-appellee has established the affirmative defense outlined in those cases.  Further discovery on those issues may be required.  Without in any way intimating our view as to the merits of Pfau's claims, we VACATE the district court's grant of summary judgment on Pfau's sexual harassment claims and REMAND this case to the district court for further proceedings.

AFFIRMED in part; VACATED and REMANDED in part.  Each party shall bear its own costs.