NUMBER 13-99-365-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUDY GODOY AND AUDREY PEREZ
, Appellants


v.



CANCER SPECIALISTS OF SOUTH TEXAS, P.A.
, Appellee.

___________________________________________________________________


On appeal from the 117th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Seerden(1)


Opinion by Justice Rodriguez


 

 Appellants, Judy Godoy and Audrey Perez, appeal from a
summary judgment entered in favor of Appellee, Cancer Specialists of
South Texas, P.C. (Cancer Specialists).(2) Appellants sued Cancer
Specialists under the Texas Commission on Human Rights Act
(TCHRA), found in sections 21.001-.556 of the Texas Labor Code;
Godoy alleging quid pro quo sexual harassment and Perez alleging
retaliatory termination. Each appellant also asserted a claim of
intentional infliction of emotional distress. Cancer Specialists moved for
summary judgment arguing Godoy's and Perez's allegations did not rise
to the level of quid pro quo sexual harassment or retaliatory discharge
respectively, and did not amount to outrageous conduct necessary for
the intentional infliction of emotional distress. The trial court granted
summary judgment on all causes of action. By four issues, appellants
complain that the trial court erred in granting the summary judgments
in favor of Cancer Specialists. By a fifth issue, appellants address
collateral issues of limitations and vicarious liability. We affirm in part,
and reverse and remand in part.

Standard of Review

 In their first issue, appellants contend that the trial court erred by
not applying the proper summary judgment standard. There is nothing
in the record before us which affirmatively shows the trial court
engaged in any improper summary judgment review. On the face of the
record, it appears the trial court properly considered the pleadings and
evidence before it and made its rulings. Accordingly, we overrule
appellants' first issue.

 However, appellants raised an important issue regarding whether
the summary judgments were granted on traditional grounds or "no-evidence" grounds, the determination of which will necessarily affect
our review of this case. The distinction must be made to avoid an
improper shifting of the burden of proof. See Murray v. Dyke, No. 13-99-533-CV, 2001 Tex. App. LEXIS 1412, at *3, *7 n.3 (Tex. App.--Corpus Christi Mar. 1, 2001, no pet. h.). The movant seeking summary
judgment on traditional grounds must establish that no genuine issue
of material fact exists to be entitled to judgment as a matter of law,
whereas, the movant in a no-evidence summary judgment need only
state the elements for which there is no evidence, and no evidence need
be attached. See Tex. R. Civ. P. 166a(c) & 166a(i); Murray, 2001 Tex.
App. LEXIS 1412, at *3-4. The no-evidence summary judgment shifts
the burden of proof to the plaintiff to present enough evidence to be
entitled to a trial. See Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428,
432 (Tex. App.--Houston [14th Dist.] 1999, no pet.); see also Murray,
2001 Tex. App. LEXIS 1412, at *4. Importantly, in Murray, we
concluded "[w]hen it is not readily apparent to the trial court that
summary judgment is sought under rule 166a(i), the court should
presume that it is filed under the traditional summary judgment rule and
analyze it according to those well-recognized standards." Murray, 2001
Tex. App. LEXIS 1412, at *6. 

 Therefore, we look to the record to determine how we will review
appellee's motions for summary judgment. Cancer Specialists' motions
intermix language from the traditional summary judgment rule and the
no-evidence rule; assert affirmative defenses; fail to clearly state under
which rule summary judgment is sought; and attach evidence that
would be appropriate for a traditional motion, but not a no-evidence
motion. Further, the order fails to clarify whether the motion was
granted on no-evidence grounds or traditional grounds. See id. at *7
(order granting summary judgment should clarify whether motion is
granted on no-evidence grounds or traditional grounds). Because it is
not readily apparent to this Court that Cancer Specialist sought
summary judgment under rule 166a(i), we will presume that the
summary judgment motions were filed under the traditional rule and
analyze them according to those well-recognized standards. We will
review the trial court's granting of the motions de novo. See Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce
Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.--Corpus Christi 2000, pet. denied).

 In reviewing a traditional motion for summary judgment, the
movant must demonstrate (1) that there existed no genuine issue of
material fact regarding an essential element of the plaintiff's case, and
(2) that judgment should be granted as a matter of law. See Tex. R. Civ.
P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548-49 (Tex. 1985). If the movant negates an element of the plaintiff's
claim, the plaintiff must produce controverting evidence raising a fact
issue on the element or elements negated. See Stolle v. Baylor College
of Medicine, 981 S.W.2d 709, 712 (Tex. App.--Houston [1st Dist.] 1998,
pet. denied). We must presume all evidence favorable to the non-movants to be true, and indulge all reasonable inferences and resolve
any doubts in their favor. See Nixon, 690 S.W.2d at 548-49. When a
summary judgment order does not specify the grounds upon which the
ruling was granted, we will affirm the judgment if any one of the
theories advanced in the motion is meritorious. See State Farm Fire &
Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).

Godoy's Quid Pro Quo Sexual Harassment Claim

 In her second issue, Godoy contends the trial court erred by
granting Cancer Specialists' summary judgment on her quid pro quo
sexual harassment claim because a genuine issue of material fact exists
regarding the element of causation.

 Godoy alleged Forrest Smith, Cancer Specialists' office manager,
sexually harassed her between October and December 1995.(3) Cancer
Specialists presented summary judgment evidence that Godoy resigned
from her job in January 1996, after being reprimanded for putting the
wrong patient's name on an x-ray request. Godoy subsequently made
the decision not to resign, with the understanding she would be on
probation for sixty days. However, in March 1996, while on probation,
Godoy was terminated after a physician complained about her using the
phone and ignoring him when he needed assistance. Godoy asserts,
nonetheless, that her termination resulted from her refusal of Smith's
alleged advances.

 The TCHRA governs employment discrimination, providing in
pertinent part:

 An employer commits an unlawful employment practice if
because of race, color, disability, religion, sex, national origin
or age, the employer:


 (1) fails or refuses to hire an individual, discharges an
individual, or discriminates in any other manner against an
individual in connection with compensation or the terms,
conditions, or privileges of employment. . . .


Tex. Labor Code Ann. § 21.051 (Vernon 1996). Sexual harassment, a
form of employment discrimination, may be actionable as quid pro quo
harassment or hostile work environment harassment. See Ewald v.
Wornick Family Foods Corp., 878 S.W.2d 653, 658 (Tex. App.--Corpus
Christi 1994, writ denied) (citations omitted). 

The elements of a quid pro quo sexual harassment claim include: (1) the
employee was a member of a protected class; (2) the employee was
subjected to unwelcome sexual harassment in the form of sexual
advances or requests for sexual favors; (3) the harassment complained
of was based on sex; (4) the employee's submission to the unwelcome
advances was an express or implied condition for receiving job benefits
or the employee's refusal to submit to a supervisor's sexual demands
resulted in a tangible job detriment; and (5) the existence of respondeat
superior liability. See Ewald, 878 S.W.2d at 658-59. In order to prevail
on a quid pro quo sexual harassment claim, "the employee bears the
burden of proof to support charges that submission to the unwelcome
sexual advances of supervisory personnel was an express or implied
condition for receiving job benefits or that a tangible job detriment
resulted from the employee's failure to submit to the sexual demands
of supervisory employees." Id. at 658 (citations omitted).

 The Texas Supreme Court recently defined the proper causation
standard for establishing liability for all TCHRA unlawful employment
practice claims. See Quantum Chemical Corp. v. Toennies, No. 99-1042, 2001 Tex. LEXIS 14, at *5 & *18 (Tex. Mar. 8, 2001). Section
21.125 of the Texas Labor Code provides, in relevant part:

 Except as otherwise provided by this chapter, an
unlawful employment practice is established when the
complainant demonstrates that race, color, sex, national
origin, religion, age, or disability was a motivating factor for
an employment practice, even if other factors also motivated
the practice. . . .


Tex. Labor Code Ann. § 21.125(a) (Vernon Supp. 2001). Enforcing the
plain meaning of this section, the supreme court held that "this statute
establishes 'a motivating factor' as the plaintiff's standard of causation
in a TCHRA unlawful employment practice claim, regardless of how
many factors influenced the employment decision." Quantum
Chemical, No. 99-1042, Tex. LEXIS 14, at *18.

 We have reviewed the summary judgment de novo, and have
presumed all evidence favorable to Godoy, indulged all reasonable
inferences and resolved any doubts in her favor. While there is
evidence that the decision to dismiss Godoy was based on legitimate
dissatisfaction with Godoy's work performance, we conclude, under the
motivating factor standard set out in Quantum Chemical, that a genuine
issue of material fact remains on the causation element of Godoy's quid
pro quo sexual harassment claim. Accordingly, the trial court erred in
granting Cancer Specialists' summary judgment against Godoy on this
cause of action. Appellants' second issue is sustained.

Perez's Retaliation Claim

 By issue three, Perez contends the trial court erred in granting
summary judgment on her retaliation claim. Perez contends factual
disputes exist regarding the causal connection between the protected
conduct in which Perez engaged and the adverse employment actions
to which she was subjected. We agree.

 Perez, like Godoy, worked as a medical assistant at Cancer
Specialists. In June 1996, Perez complained to the president of Cancer
Specialists about Smith's alleged inappropriate behavior.(4) Later, at a
meeting regarding her concerns, Smith apologized to her. Nonetheless,
Perez asserts that as a result of her complaint, Smith retaliated against
her.(5)

 One year after Godoy complained about Smith's behavior, Perez
filed a charge of discrimination with the Equal Employment Opportunity
Commission and the Corpus Christi Human Relations Commission. 
Perez charged that she was a victim of sexual harassment and
retaliation. Perez claims that although she continued to work for Cancer
Specialists, the retaliation against her continued.(6) 

 Approximately six months after Perez filed her charge of
discrimination, as part of a reorganization of Cancer Specialists, two
medical assistant positions, including Perez's, were eliminated. The
reorganization incorporated the use of sophisticated technology, high
dose chemotherapy and very toxic drugs, and required individuals with
a higher level of skills. Registered nurses were required to perform the
work, rather than medical assistants. The clerical duties were assumed
by a clerk.

 An employer commits unlawful retaliation if the employer
discriminates against a person who opposes a discriminatory practice;
makes or files a charge; files a complaint; or testifies, assists or
participates in any manner in an investigation, proceeding, or hearing. 
See Tex. Labor Code Ann. § 21.055. As set out in Quantum Chemical,
the standard of causation for all TCHRA unlawful employment practice
claims is whether the complaint was a "motivating factor" for the
alleged retaliatory behavior and termination, regardless of how many
factors influenced the employment decisions. See Quantum Chemical,
No. 99-1042, 2001 Tex. LEXIS 14, at *18.

 As in Godoy's case, while there is evidence that the decision to
dismiss Perez was based on legitimate business restructuring, we
cannot conclude, under the motivating factor standard set out in
Quantum Chemical, that no genuine issue of material fact exists as to
causation. Accordingly, having reviewed the summary judgment de
novo, and having presumed all evidence favorable to Perez, indulged all
reasonable inferences and resolved any doubts in her favor, we
conclude a genuine issue of material fact remains on the causation
element of Perez's retaliation claim. The trial court erred in granting
Cancer Specialists' summary judgment against Perez on this cause of
action. Appellants' third issue is sustained.

Intentional Infliction of Emotional Distress Claims

 By their fourth issue, appellants contend the trial court erred in
granting Cancer Specialists' summary judgment on their intentional
infliction of emotional distress claims. They allege TCHRA does not
preclude this cause of action, and claim there is evidence to support
each element.

 Without reaching the issue of whether a common law claim for
intentional infliction of emotional distress is preempted by the TCHRA,(7)
we conclude, as a matter of law, that appellant's conduct did not rise
to the level of extreme and outrageous conduct. See Shaheen v. Motion
Indus., Inc., 880 S.W.2d 88, 92 (Tex. App.--Corpus Christi 1994, writ
denied) (whether defendant's conduct was extreme and outrageous is
initially question of law).

 Liability for intentional infliction of emotional distress is imposed
only where the conduct has been so outrageous in character, and so
extreme in degree, as "[to go] beyond all possible bounds of decency,
and to be regarded as atrocious, and utterly intolerable in a civilized
community." Wornick Co. v. Casas, 856 S.W.2d 732, 734 (Tex. 1993). 
Even conduct which may satisfy the elements of a sexual harassment
claim may not support a claim for intentional infliction of emotional
distress. See Ewald, 878 S.W.2d at 660-61 (actions constituting sexual
harassment did not establish plaintiff's claim of intentional infliction of
emotional distress). Liability does not extend to mere insults,
indignities, threats, annoyances, or petty oppressions. See Horton v.
Montgomery Ward & Co., 827 S.W.2d 361, 369-70 (Tex. App.--San
Antonio 1992, writ denied). Only in the most unusual of employment
cases does the complained of conduct move outside the realm of an
ordinary employment dispute and into the classification of extreme and
outrageous conduct required for intentional infliction of emotional
distress. See Porterfield v. Galen Hosp. Corp., 948 S.W.2d 916, 920-921 (Tex. App.--San Antonio 1997, writ denied) (citation omitted);
Ewald, 979 S.W.2d at 656, 660-61 (summary judgment affirmed for
employer because complained of conduct not outrageous); Garcia v.
Andrews, 867 S.W.2d 409, 410, 412 (Tex. App.--Corpus Christi 1993,
no writ) (same). Furthermore, discharge from employment cannot, as
a matter of law, constitute intentional infliction of emotional distress in
Texas. See Southwestern Bell Mobile Systems, Inc. v. Franco, 971
S.W.2d 52, 54 (Tex. 1998). Based on our review of the facts of the case
outlined above, we conclude the trial court correctly granted Cancer
Specialists's motion for summary judgment on this cause of action. 
Appellants' fourth issue is overruled.

 Because the first four issues are dispositive, we find it
unnecessary to address appellants' remaining issue. See Tex. R. App.
P. 47.1.

 Accordingly, we affirm the trial court's judgment on Godoy's and
Perez's intentional infliction of emotional distress claims, and reverse
and remand the judgment of the trial court on Godoy's quid pro quo
sexual harassment claim and Perez's retaliation claim.

 NELDA V. RODRIGUEZ

 Justice

Do not publish.

Tex. R. App. P. 47.3


Opinion delivered and filed

this 26th day of April, 2001.


1. Senior Justice Robert J. Seerden assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §
74.003 (Vernon 1998).
2. Cancer Specialists is a professional health care organization consisting
of five oncologists who provide treatment for cancer patients through the use
of chemotherapy and radiation therapy.
3. Specifically, Godoy testified by deposition that Smith called her his
"sunshine," asked her out for drinks, invited her to his condominium, told her
on Mondays that she had "missed out," rubbed or brushed against her front
or shoulder area on three occasions, looked at her breasts when speaking with
her, and stated "hmmm, sorry I missed that" when they discussed her
wearing a T-shirt.
4. Specifically, Perez complained of the following: (1) when Smith was in
the office with several individuals and his pants were unzipped; and (2) when
she heard Smith tell a female employee Perez's shirt had a pretty bow on the
back and he would like to untie it.
5. Specifically, Perez testified in her deposition that after her complaint,
Smith "did not come around the station like he used to," yelled at her once for
being away from her work station, promoted another medical assistant to the
position of Lead Medical Assistant, and evaluated her unfairly.
6. Perez identifies the following as retaliation: (1) another medical
assistant was given several days off, instead of Perez, and (2) the doctors
talked to her, but only about job-related issues.
7. Compare Pfau v. Reed, 167 F.3d 228, 229 (5th Cir. 1999) (citing Pfau
v. Reed, 125 F.3d 927, 932-34 (5th Cir. 1997) (affirmed dismissal of
intentional infliction of emotional distress claim on basis of preemption when
claim was filed with Title VII claim and was based on same facts)) with Perez
v. Living Centers-Devcon, Inc., 963 S.W.2d 870, 875 (Tex. App.--San Antonio
1998, writ denied) (appellant's failure to file complaint with TCHR does not
preclude her from pursuing common law causes of action arising from same
facts as previous sexual harassment claim).