COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-410-CV

 

 

CITY OF FORT WORTH, TEXAS                                             APPELLANT

 

                                                   V.

 

LINDA J. SHILLING                                                                 APPELLEE

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








Appellant City of Fort Worth,
Texas (the ACity@) brings this accelerated, interlocutory appeal from the trial court=s order denying its plea to the jurisdiction challenging Appellee
Linda J. Shilling=s claims
under the Whistleblower Act and Texas Commission on Human Rights Act (ATCHRA@).  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 2008); Tex. Gov=t Code Ann. '' 554.001B.010 (Vernon
2004); Tex. Lab. Code Ann. ' 21.055 (Vernon 2006).  In two
issues, the City argues that the trial court erred by denying its plea to the
jurisdiction because Shilling prematurely filed suit and because she is barred
from pursuing one of her claims under both the TCHRA and Whistleblower
Act.  We will affirm in part and reverse
and render in part.

II.  Factual and Procedural Background

The City hired Shilling in
February 2006 to fill the position titled, ADeputy Director, IT Department.@  Sometime in October or
November 2006, Shilling reported that the City=s IT Finance Department was misappropriating and misusing funds in
regard to certain City contracts. 
Shilling also reported sometime in November 2006 that Karen Montgomery,
the City=s assistant city manager, and Pete Anderson, Shilling=s supervisor and department director, wanted to terminate Norm Craven,
whom the City had recently hired, because Craven had participated in an
investigation involving sexual harassment in years past.  Also in November 2006, Shilling reported that
Paula Randall, a City employee in the IT Department, had threatened Dan Allen,
another employee in the IT Department, with the possible loss of his job if he
was not in agreement that Shilling should be terminated.








The City terminated Shilling
on December 5, 2006, in part due to insubordination and her failure to attend
meetings and respond to information requests, according to the City.  Two days later, Shilling mailed a letter
dated December 7, 2006, and addressed to Karen Marshall, the City=s Human Resources Director, substantively stating as follows:

My
termination from the City of Fort Worth on December 5, 2006 was unfounded.  The termination was due to me being a Whistle
Blower by reporting mismanagement of funds. 
I would like to appeal my termination.

 

The subject of the letter is AWrongful Termination,@ and it contains Shilling=s signature, address, and telephone number.

Pete Nelson, a City employee
responsible for handling investigations of whistleblowers, acknowledged in a
letter addressed to Shilling and dated December 18, 2006, that AKaren Marshall gave me the memo you sent her dated December 7,
2006.  In your memo you state you believe
your termination of employment was due to the fact that you are a >Whistle Blower.=@  The letter continues, AI have enclosed a copy of the City=s retaliation policy, as well as, a Retaliation Complaint form and
instructions.  Please complete the
enclosed form and answer the ten (10) questions associated with the form.@  It concludes, APlease return the form to me[,] and I will begin investigating your
allegation.  Give me a call if you have
any questions . . . .@








Shilling sent a letter to
Nelson dated January 5, 2007, apologizing for Athe delay in responding to [his] request for additional information.@  She submitted three completed
City ARetaliation Complaint Forms@ explaining the basis of and circumstances surrounding her
Whistleblower complaints that the IT Finance Department was misusing funds,
that Montgomery and Anderson wanted to terminate Craven because Craven had
participated in a sexual harassment investigation, and that Randall had
threatened Allen.

On or about January 30, 2007,
Shilling filed a charge of discrimination with the Texas Workforce Commission
Civil Rights Division (ATWC@) claiming that she was terminated shortly after she Areported and opposed efforts to terminate Norm Craven for
participation in a sexual harassment investigation.@ 

Shilling filed her original
petition on February 23, 2007, alleging that the City had, pursuant to
subchapter 554 of the government code, Asubjected [her] to adverse employment action for good faith reports of
violations of law to appropriate law enforcement agencies.@  In it, she contended that she
had terminated her grievance proceeding with the City.  Shilling=s second amended original petition, her live petition, filed July 9,
2007, included an identical Whistleblower Act allegation in addition to an
allegation asserting a retaliation claim under section 21.055 of the labor
code.








The City subsequently filed a
plea to the jurisdiction arguing that the trial court lacked jurisdiction (1)
over Shilling=s
Whistleblower Act claims because she failed to comply with government code
section 554.006 when she filed suit on February 23, 2007, less than sixty days
after she had filed her grievances with the City on January 5, 2007, and (2)
over her TCHRA retaliation claim involving Craven because she had previously
challenged the same complained-of conduct in her grievance proceeding with the
City.  See Tex. Gov=t Code Ann. ' 554.006(a), (d); Tex. Lab.
Code Ann. '
21.211.  The City attached to its plea
Nelson=s affidavit, City policies regarding discrimination and retaliation
complaints, portions of Shilling=s deposition testimony, Shilling=s three City-provided Retaliation Complaint Forms, and Shilling=s TWC charge of discrimination. 
Shilling responded to the City=s plea and attached twenty-six supporting exhibits, including the depositions
of Shilling, Anderson, and Marshall, Shilling=s post-termination correspondence with the City, and correspondence
between City employees, among other items.








The trial court denied the
City=s plea to the jurisdiction.  But
it also ordered that Shilling=s suit be abated for sixty days, during which time it ordered Shilling
to elect whether she wants to proceed under the Whistleblower Act or the TCHRA
on her retaliation claim involving Aher objection to [the City=s] alleged efforts to terminate the employment of Norm Craven.@  The trial court entered
findings of fact and conclusions of law.[1]  Of the trial court=s eight findings of fact, its second, fifth, sixth, and seventh
findings of fact are as follows:

2.  By letter dated December 7, 2006, Plaintiff
initiated a grievance  with Defendant in
which same appealed her termination and 
alleged she was terminated for being a whistleblower.

 

5.  In December 2006, Pete Nelson, Human
Resources Manager for  Defendant, started
an investigation of Plaintiff=s allegations raised in her
December 7, 2006 letter.

 

6.  After conducting his investigation, Ms.
Marshall testified that Mr. Nelson reported to her that he could not
substantiate Plaintiff=s
allegations.

 

7.  Plaintiff filed suit on February 23, 2007,
more than 61 days after Plaintiff initiated a grievance with Defendant.

III.  Standard of Review

We have jurisdiction to
review a district court=s
interlocutory order that grants or denies a plea to the jurisdiction by a
governmental unit.  See
Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014(a)(8) (Vernon 2008),' 101.001(3)(B) (Vernon 2005).  A plea to the jurisdiction is a dilatory plea
used to defeat a cause of action without regard to whether the claims asserted
have merit.  Bland ISD v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  The plea
challenges the trial court=s subject matter jurisdiction.  Id.  Whether the trial court had subject matter
jurisdiction is a question of law that we review de novo.  Tex. Natural Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).








The plaintiff has the burden
of alleging facts that affirmatively establish the trial court=s subject matter jurisdiction.  Tex.
Ass=n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the plaintiffs, look to the pleader=s intent, and accept the pleadings= factual allegations as true.  Tex.
Dep=t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  If a plea to the
jurisdiction challenges the existence of jurisdictional facts, as in this case,
we consider relevant evidence submitted by the parties that is necessary to
resolve the jurisdictional issues.  Id.
at 227; Bland ISD, 34 S.W.3d at 555. 
A trial court=s review of
a plea to the jurisdiction challenging the existence of jurisdictional facts
mirrors that of a traditional motion for summary judgment.  Miranda, 133 S.W.3d at 228; see
also Tex. R. Civ. P.
166a(c).  The governmental unit is
required to meet the summary judgment standard of proof for its assertion that
the trial court lacks jurisdiction.  Miranda,
133 S.W.3d at 228.  The plaintiff is then
required to show that there is a disputed material fact regarding the
jurisdictional issue.  Id.  If the evidence creates a fact question
regarding jurisdiction, the trial court must deny the plea to the jurisdiction
and leave its resolution to the fact finder. 
Id. at 227B28.  But if the evidence is undisputed or fails to
raise a fact question on the jurisdictional issue, the trial court rules on the
plea to the jurisdiction as a matter of law. 
Id. at 228.








IV.  AInitiate@ Action

In its first issue, the City
argues that the trial court erred by denying its plea to the jurisdiction
because Shilling prematurely filed her lawsuit. 
It contends that she initiated the City=s grievance procedure on January 5, 2007, when she returned to the
City the three completed, City-provided retaliation complaint forms, not on
December 7, 2006, when she notified Nelson that she wanted to appeal her
termination.  Consequently, the City
contends that because Shilling filed her lawsuit on February 23, 2007, which
was only forty-nine days after initiating the City=s grievance procedure on January 5, she failed to comply with the
Whistleblower Act=s
requirement that she give the City at least sixty days to reach a decision on
her complaint before filing suit, thus depriving the trial court of
jurisdiction over her claim.  Shilling
responds that she initiated the City=s grievance procedure on December 7, 2006, and that she complied with
the Whistleblower Act=s mandatory
sixty-day employer-investigation period because she filed her lawsuit
seventy-eight days later.








The Whistleblower Act
provides that a state or local governmental entity may not suspend or terminate
the employment of, or take other adverse personnel action against, a public
employee who in good faith reports a violation of law by the employing
governmental entity or another public employee to an appropriate law
enforcement authority.  Tex.
Gov=t Code Ann. ' 554.002(a).  It contains an
express waiver of the State=s sovereign immunity.  See id.
' 554.0035 (AA public
employee who alleges a violation of this chapter may sue the employing state or
local governmental entity for the relief provided by this chapter.  Sovereign immunity is waived and abolished to
the extent of liability for the relief allowed under this chapter for a
violation of this chapter.@); Tex. Dep=t of Human Servs. v. Okoli, No.
01-07-00103-CV, 2007 WL 1844897, at *2 (Tex. App.CHouston [1st Dist.] June 28, 2007, pet filed).  Before filing suit, however, a claimant Amust initiate action under the
grievance or appeal procedures of the employing state or local governmental
entity relating to suspension or termination of employment or adverse personnel
action.@  Tex. Gov=t Code Ann. ' 554.006(a) (emphasis added). 
If a final decision is not rendered before the sixty-first day after the
date procedures are initiated, the employee may elect to exhaust the applicable
procedures previously initiated or terminate procedures and timely file
suit.  Id. ' 554.006(d)(1), (2).  It is
this sixty-day statutory requirement that the City contends Shilling failed to
comply with.








The requirement that an
employee Ainitiate@ grievance procedures before filing suit is to afford the employer an
opportunity to correct its errors by resolving disputes before litigation.  City of San Antonio v. Marin, 19
S.W.3d 438, 441 (Tex. App.CSan Antonio 2000), disapproved of on other grounds by Univ.
of Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d 631, 633 n.7 (Tex.
2005).  Section 554.006 does not require
that grievance or appeal procedures be exhausted before suit can be filed;
rather, it requires that such procedures be timely initiated and that the
grievance or appeal authority have sixty days to render a final decision.  Barrett, 159 S.W.3d at 632.  While the Whistleblower Act does not dictate
what actions are required to Ainitiate@ the appeals
procedure, the Act is remedial in nature and should be liberally construed to
effect its purpose.  Moore v. Univ. of
Houston-Clear Lake, 165 S.W.3d 97, 102 (Tex. App.CHouston [14th Dist.] 2005, no pet.); City of New Braunfels v. Allen,
132 S.W.3d 157, 161 (Tex. App.CAustin 2004, no pet.).[2]








The evidence is undisputed
that Shilling provided written notice of her intent to appeal her
termination.  The letter is dated
December 7, 2006, and Shilling opines therein that her termination was Aunfounded@ and that
she was terminated for being a whistleblower. 
The evidence is also undisputed that the City received Shilling=s notice sometime shortly thereafter; Nelson responded to Shilling=s notice by letter to her dated December 18, 2006, that Marshall had
given him the memo that Shilling sent dated December 7, 2006.

The City=s sole, specific argument is that Shilling did not initiate the City=s grievance procedure because her December 7, 2006 letter failed to
include the Avery
specific requirements@ that are
set forth in the City=s
discrimination and retaliation complaints policy.  The policy states that an employee invokes
the grievance procedure by filing a retaliation or discrimination report not
later than the ninetieth day after the date on which the alleged adverse
employment action occurred or was discovered and that all complaints must be
filed in writing.  The policy states that
all reports Amust include
the following information,@ which includes employee contact information, including the employee=s Anumber and
position@ and supervisor, the nature and date of the alleged adverse employment
action, the individual who allegedly caused the adverse action, and the facts
forming the basis of the complaint.  The
policy further provides that the AHuman Resources Department=s Employee Relations Division will investigate allegations of
discrimination and retaliation and convey the findings to the Department
Director.@













While Shilling=s December 7, 2006 letter does not contain the detail that is provided
in her January 5, 2007 retaliation forms, we cannot conclude that the City
established its plea to the jurisdiction on the issue of initiation as a matter
of law because Shilling responded with evidence demonstrating that the City
indeed began an investigation after receiving Shilling=s written notice indicating her intent to appeal her termination.  Specifically, Marshall testified at her
deposition that she asked Nelson to conduct an investigation into Shilling=s claims in December 2006 and that Nelson conducted an investigation.
According to Marshall, Nelson shared his findings with her that he could not
substantiate Shilling=s
claims.  Also, Anderson sent Nelson a
January 12, 2007 memorandum explaining that he was providing Nelson with two Adocuments@ that he had
mentioned to Nelson Aa month or
so ago@ related to Shilling=s whistleblower claims. 
Anderson confirmed during his deposition that the memorandum referenced
a conversation that he had with Nelson in December 2006 when Nelson Awas trying to investigate@ Shilling=s
claims.  Anderson testified that the
memorandum states that he Atalked to Pete Nelson about an investigation he was conducting
around that time frame.@ [Emphasis added.]  In the
context of discussing the January 12, 2007 memorandum and December 2006
conversation that Anderson had with Nelson, Shilling=s attorney specifically inquired into whether Nelson conducted the
investigation as a result of receiving Shilling=s notice.  The following
exchange occurred:

[Shilling=s
attorney]: And [Nelson] was conducting the investigation because he had
received a complaint from Ms. Shilling that she had complained that she was
terminated due to whistleblower activity, correct?

 

[Anderson]: I C I believe that=s the case,
yes.

Shilling thus presented evidence disputing the
City=s argument that her December 7, 2006 letter did not Ainitiate@ an investigation.[3]








The City cites a number of
cases that are either distinguishable from the facts of this case or
inapposite.[4]  And although the CityCin response to Shilling=s exhaustion argumentCcontends in reply that Shilling presented no evidence that it made a
decision on her appeal before she filed suit, we agree with our sister court=s logical conclusion that an employee=s act of filing suit demonstrates an intent to terminate the grievance
proceedings and pursue the claims in court. 
See Tex. Dep=t of Transp. v. Needham, No.
03-98-00460-CV, 1999 WL 143853, at *3 (Tex. App.CAustin Mar. 18, 1999, no pet.) (not designated for publication)
(addressing issue of whether an employee=s filing of suit acts as an election under section 554.006(d) and
holding that appellee=s Afiling of suit acted as an implied termination of . . . grievance
procedures and was thus a tacit >election= under the
statute.@).  Indeed, Shilling alleged in
her original petition that she was terminating the grievance.








With the exception of
claiming in its reply brief that Marshall=s deposition testimony is Anot material,@[5] the City seems to disregard the evidence above demonstrating that it
actually began an investigation in response to Shilling=s December 2006 letter. 
Dismissing this evidence, however, is inconsistent not only with the
liberal construction that we should give this portion of the Whistleblower Act
(to effect its purpose that the employer be afforded an opportunity to correct
its errors by resolving disputes before litigation), but also with the
applicable standard of review.  See
Miranda, 133 S.W.3d at 228 (reasoning that trial court=s review of plea to the jurisdiction challenging the existence of
jurisdictional facts mirrors that of a traditional motion for summary
judgment).  

In light of the relevant
jurisdictional evidence submitted by Shilling showing that her December 7, 2006
letter initiated an investigation by the City, a fact issue exists regarding
the date on which she Ainitiated@ the City=s grievance
procedure as contemplated by government code section 554.006(a).  See Tex.
Gov=t Code Ann. ' 554.006(a).  Consequently, the
trial court did not err by denying the City=s plea to the jurisdiction on this ground.  See Miranda, 133 S.W.3d at 227B28 (reasoning that the trial court must deny the plea to the
jurisdiction and leave its resolution to the fact finder if the evidence
creates a fact question regarding jurisdiction); City of Dallas v. Watts,
248 S.W.3d 918, 921B22 (Tex.
App.CDallas 2008, no pet.) (reasoning that appellant=s arguments do not establish its plea to the jurisdiction as a matter
of law but highlight fact dispute as to whether appellee=s actions Ainitiated@ appellant=s appeal
procedures).  We overrule the City=s first issue.

V.  Election of Remedies








In its second issue, the City
argues that the trial court erred by failing to grant its plea to the
jurisdiction on Shilling=s TCHRA
claim involving her report that Montgomery and Anderson wanted to terminate
Craven because of his participation in a sexual harassment investigation.  Relying on labor code section 21.211, it
contends that her TCHRA retaliation claim is barred because she elected to
pursue a claim based on the same facts under the Whistleblower Act.  Citing the supreme court=s recent decision in City of Waco v. Lopez, the City
additionally argues in a post-submission brief that Shilling=s claim involving Craven is not actionable under the Whistleblower
Act.[6]  No. 06-0089, 2008 WL 2702182 (Tex. July 11,
2008).

Section 21.211 of the labor
code provides that A[a] person
who has initiated an action in a court of competent jurisdiction or who has an
action pending before an administrative agency under other law . . . based on
an act that would be an unlawful employment practice under this chapter may not
file a complaint under this subchapter for the same grievance.@  Tex. Lab. Code Ann. ' 21.211.  Although in the
context of considering whether the TCHRA preempted a common law cause of
action, this court considered section 21.211 in Jackson v. Creditwatch, Inc.  84 S.W.3d 397, 402B03 (Tex. App.CFort Worth
2002), rev=d in part on
other grounds, 157 S.W.3d 814 (Tex.
2005).  There we reasoned in part as
follows:








Rather
than preclude other causes of action that might arise from an employment
practice made unlawful by the TCHRA, this language implies that a plaintiff
cannot have two bites at the apple.  That
is, a plaintiff cannot first sue a defendant-employer for a non-TCHRA cause of
action for conduct arising from the same facts as employment discrimination and
then pursue a claim of employment discrimination through the administrative
review system established under the TCHRA; or, a plaintiff cannot elect to
pursue an administrative remedy under some other administrative review system,
and then file with the TCHR[A administrative review system] as well.  This provision requires a plaintiff to pick a
remedy . . . .

 








Id. (quoting Perez
v. Living Ctrs.BDevcon, Inc., 963 S.W.2d 870, 873B74 (Tex. App.CSan Antonio
1998, pet. denied)).  This
interpretation, which other courts have adopted as well, is consistent with the
supreme court=s
interpretation of section 21.211 in Lopez.  See Lopez, 2008 WL 2702182, at *6 (AThe election of remedies language simply means that a claimant can
pursue a remedy for discrimination under federal law or under grievance-redress
systems in existence at the local level, but pursuing either of these options
precludes later initiating a [T]CHRA complaint.@);  Turner v. Richardson ISD,
885 S.W.2d 553, 561 (Tex. App.CDallas 1994, writ denied) (considering argument that appellants could
have timely filed Whistleblower Act claims, pursued TCHRA administrative
remedies until permission to sue was granted, and then amended suit to add
TCHRA claim and reasoning that, under section 21.211, appellants Awere expressly prevented from maintaining both actions simultaneously@); Stancu v. Cent. Apartment Mgmt., Inc., No. 394-CV-2440-D,
1997 WL 278127, at *2 (N.D. Tex. May 14, 1997) (mem. op.) (A[Section] 21.211 merely provides that if a person has already
initiated a lawsuit or other proceeding permitted by law, order, or ordinance,
he may not file a complaint with the Commission on Human Rights for the same
practice.  It is in this sense alone that
he elects his remedy.@); see
also Williams v. Vought, 68 S.W.3d 102, 111 n.9 (Tex. App.CDallas 2001, no pet.).








Here, Shilling sought review
of her Whistleblower Act claims through the City=s local grievance procedure. 
The facts underlying the basis of one of her City-provided retaliation
complaint forms is that she Areported that [Montgomery] and [Anderson] wanted to terminate [Craven]
because he had participated in a sexual harassment investigation previously.@  Shilling also filed a charge
of discrimination with the TWC on or about January 30, 2007.  The basis of her charge of discrimination
complaint is that the City terminated her after she Areported and opposed efforts to terminate Norm Craven for
participation in a sexual harassment investigation.@  Shilling thus began
administrative proceedings with the City based in part on her claim regarding
Craven and also filed a charge of discrimination with the TWC based on the same
(indeed identical) complained-of conduct involving Craven.  This she cannot do.  Having initiated administrative proceedings
with the City regarding conduct involving Craven, Shilling was unambiguously
prohibited by labor code section 21.211 from contemporaneously pursuing her
complaint with the TWC based on the same grievance involving Craven.  See Tex.
Lab. Code Ann. ' 21.211.

Shilling argues that the City
must first demonstrate that her termination in retaliation for objecting to the
City=s alleged efforts to terminate Craven would be an unlawful employment
practice under the labor code.  But we
will not adopt a construction of section 21.211 that will render it meaningless
or lead to absurd results.  See Watts
v. City of Houston, 126 S.W.3d 97, 100 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
Shilling=s
interpretation of section 21.211 would render it virtually meaningless because
the City may perpetually contest any finding that it engaged in an unlawful
employment practice.

We hold that the trial court
erred by denying the City=s plea to
the jurisdiction on this ground. 
Accordingly, we sustain this part of the City=s second issue.








We now turn to the City=s post-submission argument relying on Lopez that Shilling=s claim involving Craven is not actionable under the Whistleblower
Act.  Lopez sued the City of Waco under
the Whistleblower Act, claiming that his employment with the city was
terminated for filing a grievance with the city=s equal employment opportunity officer.  Lopez, 2008 WL 2702182, at *1.  He had complained that he was transferred
from one position to another because of his age and race in violation of the
City of Waco=s EEO
policy.  Id.  The city filed a plea to the jurisdiction
challenging Lopez=s
Whistleblower Act claim, arguing in part that the TCHRA was the exclusive
remedy for Lopez=s
retaliatory discharge claim.  Id.  The supreme court agreed and held that the
TCHRA provides the exclusive state statutory remedy for public employees
alleging retaliation arising from activities protected under the TCHRA.  Id. at *1, 7.  The court limited its holding Ato retaliatory discharge claims premised on the type of harm the
[T]CHRA was enacted to redress.@  Id. at *7.  Consequently, Athe Whistleblower Act must yield to the [T]CHRA for retaliation claims
arising from allegations of employment discrimination made unlawful under the
[T]CHRA.@  Id. at *6.[7]








Here, Shilling sued the City
under the Whistleblower Act.  As we
mentioned above, the facts underlying the basis of one of her City-provided
retaliation complaint forms is that she Areported that [Montgomery] and [Anderson] wanted to terminate [Craven]
because he had participated in a sexual harassment investigation previously.@  The basis of her charge of
discrimination complaint filed with the TWC is that the City terminated her after
she Areported and opposed efforts to terminate Norm Craven for
participation in a sexual harassment investigation.@  Shilling=s claim that the City terminated her in retaliation for reporting and
opposing the City=s desire to
terminate Craven for his participation in a sexual harassment investigation is
thus premised on the type of harm that the TCHRA was enacted to address.  Because the TCHRA provides the exclusive
state statutory remedy for retaliation claims arising from activities protected
under the TCHRA, the trial court does not have jurisdiction over Shilling=s Whistleblower Act claim involving Craven.[8]  See id. at *7.  Accordingly, we sustain this part of the City=s second issue.

VI.  Conclusion








Having overruled the City=s first issue, we affirm the
trial court=s
order denying the City=s
plea to the jurisdiction as to Shilling=s Whistleblower Act claims
that are not premised on Shilling=s report involving
Craven.  However, having sustained the
City=s
second issue challenging Shilling=s TCHRA retaliation claim
involving Craven, we reverse the trial court=s order abating Shilling=s
action and ordering her Ato
ELECT to proceed under the Texas Whistleblower Act o[r] the Texas Commission on
Human Rights Act on her claim that her employment was terminated in retaliation
for her objection to Defendant=s alleged efforts to
terminate the employment of Norm Craven, such election to be made on or before
seven days after the expiration of the abatement period[,]@ and
render judgment dismissing her TCHRA retaliation claim for want of
jurisdiction.  See Tex. R. App. P. 43.2(c).  Having additionally sustained the part of the
City=s
second issue challenging Shilling=s Whistleblower Act claim
involving Craven, we render judgment dismissing that claim for want of
jurisdiction.  See id.[9]

 

 

 

 

DIXON W. HOLMAN

JUSTICE

PANEL: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: 
August 21, 2008











[1]See
IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442
(Tex. 1997) (noting that when findings of fact are not required but are
helpful, they do not carry the same weight on appeal as findings made under
rule of civil procedure 296 and are not binding on the appellate court).





[2]The
City argues that section 554.006's statutory prerequisites to filing suit are
jurisdictional because of the legislature=s post-Barrett
amendment to government code section 311.034 stating that A[s]tatutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.@  See Tex.
Gov=t
Code Ann. '
311.034 (Vernon Supp. 2008).  Shilling
contends that abatement, not dismissal, is the appropriate remedy for her
alleged failure to comply with section 554.006. 
See Barrett, 159 S.W.3d at 632 (holding that abatement is
appropriate remedy for prematurely filed Whistleblower Act suit, provided that
procedures have been timely initiated, but stating that A[w]e
need not decide here whether the failure to meet these requirements [of section
554.006] deprives the court of jurisdiction over the action.@).  In light of our holding overruling the City=s
first issue, we do not reach this specific question.





[3]There
is no evidenceCnor
is it arguedCthat
the City initiated the investigation into Shilling=s
claims on its own or for any reason other than Shilling=s
letter notifying it of her intent to appeal her termination.





[4]See
Johnson v. The City of Dublin, 46 S.W.3d 401, 404B05
(Tex. App.CEastland
2001, pet. denied) (holding that appellant failed to initiate city=s
grievance procedure because he did not submit written copy of grievance); Ruiz
v. Austin ISD, No. 03-02-00798-CV, 2004 WL 1171666, at *7 (Tex. App.CAustin
May 27, 2004, no pet.) (mem. op.) (holding that appellant failed to initiate
grievance procedure by raising concerns at a meeting). 





[5]The
record does not demonstrate that the City asserted this objection to Marshall=s
testimony and obtained a ruling by the trial court thereon.  See Tex.
R. App. P. 33.1.





[6]Subject-matter
jurisdiction cannot be waived and can be raised at any time.  Alfonso v. Skadden, 251 S.W.3d 52, 55
(Tex. 2008). 





[7]Texas
Supreme Court decisions generally apply retroactively unless the supreme court
exercises its discretion to modify that application and expresses so in its
opinion.  Elbaor v. Smith, 845
S.W.2d 240, 250 (Tex. 1992); Bowen v. Aetna Cas. & Sur. Co., 837
S.W.2d 99, 100 (Tex. 1992).  The court=s
opinion in Lopez does not indicate that it is to be applied
prospectively, nor are we convinced that an exception to this rule is
appropriate under the circumstances.  See
Elbaor, 845 S.W.2d at 250 (considering three factors used to determine
whether decision should be applied prospectively or retroactively).  





[8]Aside
from its first issue, which we have overruled, the City does not challenge the
other allegations that Shilling alleges constitute Whistleblower Act
violations.





[9]To
avoid any confusion by the parties, Shilling=s Whistleblower Act claims
not premised on Shilling=s
report involving Craven remain pending in the trial court.