

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS HEALTH and HUMAN SERVICES COMMISSION, | § | No. 08-23-00060-CV |
| | § | Appeal from |
| Appellant, | § | County Court at Law No. 6 |
| v. | § | of El Paso County, Texas |
| VANESSA QUINTERO, | § | (TC# 2022DCV2056) |
| Appellee. | § | |
| | § | |

## MEMORANDUM OPINION

The Texas Health and Human Services Commission (HHSC) brings this accelerated interlocutory appeal from the trial court's denial of its plea to the jurisdiction in Vanessa Quintero's discrimination and retaliation suit. HHSC argues that the trial court erred by denying its plea to the jurisdiction because the statutory election of remedies provision prevents Quintero from bringing a second employment-discrimination suit in state court after she pursued a federal case based on the same employment termination facts. We reverse and render judgment dismissing Quintero's suit for lack of subject-matter jurisdiction.

In January 2019, HHSC hired Quintero as a pharmacy technician at the El Paso Psychiatric Center. Quintero informed her supervisor, Patty Dominguez, that she was pregnant approximately two weeks later. As Quintero alleges, Dominguez became "upset" and "quiet" and "turn[ed] away" from Quintero before stating there were two other pregnant employees in the department and asking Quintero why she did not reveal her pregnancy during her job interview.

Shortly after, Dominguez and her supervisor, Zulema Carrillo, discussed with Quintero her plans for parental leave. Quintero says that when she told them she planned to return to work as soon as she was able, Dominguez corrected her and said she would return "after her doctor releases her." Carrillo also asked Quintero whether she had any medical conditions preventing her from doing her work, which Quintero said she did not, and if Quintero felt comfortable working at HHSC while pregnant, which Quintero said she did. Throughout her employment with HHSC, Quintero says Dominguez asked her multiple times how much time she intended to take off for parental leave and how much leave she took following the birth of her first child.

Quintero alleges that after she reported her pregnancy, Dominguez would not allow her to leave work for doctor appointments, though she did allow employees who were not pregnant to do so. She also claims Dominguez changed her schedule with short notice, which required Quintero to find childcare assistance, and Dominguez sometimes changed work schedules without informing Quintero, though Dominguez did inform other pharmacy technicians who were not

---

[1] The following section is based on facts alleged in Quintero's state court action but also draws from the factual and procedural background material outlined in the related federal opinion. *See Quintero v. Health and Hum. Servs. Comm'n*, EP-20-CV-00251-FM, 2022 WL 3695276, at *1 (W.D. Tex. Aug. 25, 2022), *report and recommendation adopted by* 2022 WL 20527357 (W.D. Tex. Sept. 19, 2022), *aff'd*, 2023 WL 5236785 (5th Cir. 2023) (per curiam).

pregnant of the changes. Quintero also alleges Dominguez "falsely accuse[d her] of being inflexible and argumentative."

On April 22, 2019, Quintero alleges Dominguez learned Quintero had complained about her treatment at work due to her pregnancy. Three days later, Carrillo terminated Quintero's employment with HHSC.

Quintero filed a dual charge of discrimination with the Texas Workforce Commission and Equal Employment Opportunity Commission. After receiving her right-to-sue letter, she filed her first lawsuit against HHSC in federal court on September 30, 2020, alleging HHSC violated Title VII of the Civil Rights Act of 1964 and Texas Labor Code Chapter 21 (Texas Commission on Human Rights Act or TCHRA) by committing sex and pregnancy discrimination and retaliation. HHSC moved to dismiss the state claims and moved for summary judgment on the remaining claims. On July 1, 2022, the district judge granted the motion to dismiss the state claims and referred the summary-judgment motion to the magistrate judge, who recommended granting summary judgment. Quintero did not object to the magistrate's report and recommendations, which the district judge adopted. The district judge thereafter dismissed her suit with prejudice on September 19, 2022.

Meanwhile, Quintero filed her second lawsuit in Texas state court on July 13, 2022, suing HHSC for sex and pregnancy discrimination and retaliation under the TCHRA. HHSC filed an answer, generally denying the allegations and asserting affirmative defenses, then filed a plea to the jurisdiction. HHSC's plea raised three jurisdictional issues with Quintero's state suit. First, HHSC argued the TCHRA's election of remedies provision barred Quintero's state suit since she previously initiated a federal suit based on the same facts. *See* TEX. LAB. CODE ANN. § 21.211.

3

Second, HHSC contended Quintero's suit was untimely. Finally, HHSC maintained res judicata prevented Quintero from relitigating claims that were finally adjudicated in her federal suit.

After Quintero responded, the trial court held a hearing on HHSC's plea, which it later denied. On January 31, 2023, the court entered findings of fact and conclusions of law and, as relevant to this appeal, concluded "Texas Labor Code section 21.211 does not bar [Quintero] from filing state TCHRA claims in state court while also pursuing federal Title VII claims in federal court."

HHSC filed this interlocutory appeal, limiting its argument to the TCHRA's election of remedies provision. Quintero moved to strike HHSC's reply brief, contending HHSC raised res judicata for the first time in its reply. Because HHSC has not asserted a new argument based on res judicata in its reply brief but instead merely quotes from a case Quintero cites in her appellate brief that mentions res judicata, Quintero's motion to strike is denied.

## STANDARD OF REVIEW AND APPLICABLE LAW

Governmental units, like HHSC, enjoy sovereign immunity from lawsuits except where the Legislature waives immunity. *Flores v. Tex. Dep't of Criminal Justice*, 634 S.W.3d 440, 450 (Tex. App.—El Paso 2021, no pet.) (citing *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). Sovereign immunity deprives a trial court of subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). The Legislature has provided a limited waiver of immunity for claims brought against governmental units under the TCHRA. *Id.* However, the waiver extends only to suits in which the pleadings state a prima facie claim for an actual violation. *Tex. Dep't of Criminal Justice v. Flores*, 555 S.W.3d 656, 661 (Tex. App.—El Paso 2018, no pet.) (citing *Garcia*, 372 S.W.3d at 636). If the plaintiff

fails to state a prima facie case, the governmental unit retains its immunity from suit. *Id.* (citing *Garcia*, 372 S.W.3d at 636).

A defendant may challenge subject-matter jurisdiction through a plea to the jurisdiction. *Flores*, 634 S.W.3d at 450 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). The plea can attack the pleaded facts as well as the existence of jurisdictional facts by attaching evidence to the plea. *Id.* (citing *Miranda*, 133 S.W.3d at 226–27). We construe the pleadings liberally in favor of the plaintiff. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citation omitted). When, as here, there is no question of fact as to the jurisdictional issue, the trial court rules on the plea as a matter of law. *Flores*, 634 S.W.3d at 450 (citing *Heinrich*, 284 S.W.3d at 378). We review a trial court's denial of a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 226.

## ANALYSIS

HHSC contends that § 21.211 precludes an employee from pursuing claims based on the same termination facts in both federal and state court. Because Quintero previously brought a federal suit based on her termination, HHSC argues her state court suit based on the same facts is barred.

Quintero responds that an employee may pursue claims under the TCHRA in state court while separately pursuing claims under Title VII in federal court based on the same facts. She posits § 21.211 would prohibit an employee from suing her employer for a common-law tort and filing a TCHRA claim for the same conduct, but she maintains it does not require the employee to elect to bring her claim under either Title VII or the TCHRA.

Section 21.211 states:

A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order

5

or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

The Texas Supreme Court has recognized this "provision must be read against the backdrop of extensive and overlapping state and federal anti-discrimination statutes." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 809 (Tex. 2010). "Its obvious purpose, read in this context, is to provide that if a plaintiff files a federal cause of action under Title VII or another federal anti-discrimination statute, or brings a local grievance as expressly allowed under the TCHRA, she cannot bring a duplicative claim under the TCHRA." *Id.* at 809–10 (footnote omitted). The provision "means that a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a [T]CHRA complaint." *Id.* at 810 (quoting *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008)). That is also consistent with how § 21.211 has been interpreted by other courts of appeals. *See, e.g.*, *Wije v. Burns*, No. 01-19-00024-CV, 2020 WL 5269414, at *5 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, pet. denied) (mem. op.) ("[Plaintiff] elected to pursue his discrimination and retaliation claims in federal court, and this election-of-remedies provision precludes him from pursuing these same claims in state court under the TCHRA."); *Wu v. Tex. A & M Intern. Univ.*, No. 04-11-00180-CV, 2011 WL 5406263, at *3 (Tex. App.—San Antonio Nov. 9, 2011, no pet.) (mem. op.) ("Because [plaintiff] elected to pursue administrative proceedings with the EEOC and file his discrimination suit in federal court, the election of remedies provision in the CHRA precludes him from pursuing the same claim in state court under the CHRA, and any amendment of his pleadings would be futile.").

Quintero urges that two cases support her position that she may bring her discrimination and retaliation claims under the TCHRA in state court after first pursuing the same claims in

federal court: *Williams v. Vought*, 68 S.W.3d 102 (Tex. App.—Dallas 2001, no pet.) and *Ledesma v. Allstate Insurance Co.*, 68 S.W.3d 765 (Tex. App.—Dallas 2001, no pet.). But neither stands for that proposition. As relevant to § 21.211, both *Williams* and *Ledesma* involve issues of charges filed with federal and state administrative agencies, not dual lawsuits filed in federal and state courts. *See Williams*, 68 S.W.3d at 109–11 (concluding that § 21.211 does not prohibit an employee from pursuing her TCHRA claim while her EEOC charge is pending); *Ledesma*, 68 S.W.3d at 771 (concluding that § 21.211 does not conflict with the Fifth Circuit's holding in a related case that the EEOC's right to sue letter does not trigger the sixty-day window for filing suit under the TCHRA).

By first filing her discrimination and retaliation claims in federal court, Quintero "initiated an action in a court of competent jurisdiction . . . based on an act that would be an unlawful employment practice under" the TCHRA. *See* TEX. LAB. CODE ANN. § 21.211. She therefore cannot bring a complaint under the TCHRA for the same grievance. *Id.* The trial court erred by concluding otherwise and denying HHSC's plea to the jurisdiction.

## CONCLUSION

Having sustained HHSC's sole issue on appeal, we reverse the trial court's order denying HHSC's plea to the jurisdiction and render judgment dismissing Quintero's claims against HHSC for lack of subject-matter jurisdiction.

YVONNE T. RODRIGUEZ, Chief Justice

October 10, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.