

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00063-CV

CARL GREIG, Appellant

V.

TEXAS A&M UNIVERSITY TEXARKANA, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23C0860-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

In this employment discrimination case, Appellant Carl Greig complains of the trial court's granting of the pleas to the jurisdiction filed by Texas A&M University Texarkana (TAMUT) and the resulting dismissal of his case. TAMUT urged that the election-of-remedies provision found in the Texas Commission on Human Rights Act (TCHRA),[1] on which Greig's suit was premised, barred his claims because he had previously sued TAMUT based on the same facts in federal court. Because we agree that the election-of-remedies provision barred Greig's state suit under these circumstances, we affirm the trial court's granting of TAMUT's pleas to the jurisdiction and the resulting dismissal of Greig's causes of action.

I.      **Background**

Under circumstances that Greig contends constituted race and age discrimination, Greig was allowed to resign in lieu of termination from his position as the assistant vice president of student affairs at TAMUT. Greig later filed a federal suit asserting claims for race and age discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and the TCHRA.[2] TAMUT filed a motion to dismiss the TCHRA claims based on sovereign immunity, and Greig amended his pleading to remove the TCHRA claims. Greig's federal race-discrimination claim is still pending in federal court.

---

[1]The TCHRA is found at Sections 21.001 through 21.556 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. §§ 21.001–.556. Its election-of-remedies provision is found in Section 21.211 of the act. *See* TEX. LAB. CODE ANN. § 21.211. All statutory citations in this opinion reference the TCHRA.

[2]*Greig v. Tex. A&M Univ. Texarkana*, No. 5:23-CV-00030-JRG-JBB (Dkt. 1) (E.D. Tex. Mar. 21, 2023).

Greig subsequently filed the underlying suit in state court alleging race and age discrimination under the TCHRA based on the same facts as those alleged in federal court. TAMUT filed a plea to the jurisdiction regarding Greig's race-discrimination claim and later filed a second plea to the jurisdiction regarding Greig's age-discrimination claim. In both, TAMUT urged Greig's claims are barred under the election-of-remedies provision found in Section 21.211. The trial court granted both pleas to the jurisdiction and dismissed Greig's claims.

Greig appeals the granting of both pleas to the jurisdiction.

## II.      Standard of Review and Applicable Law

"Whether a court has subject matter jurisdiction is a question of law we review de novo." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Sovereign immunity protects state institutions "from suit or liability unless the Legislature has expressly waived that immunity."[3] *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Niehay*, 671 S.W.3d 929, 935 (Tex. 2023). "The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

"Immunity from suit may be asserted through a plea to the jurisdiction . . . ." *Id.* "[P]leas to the jurisdiction may involve competing evidence, the denial of any probative evidence, or the assertion that the law compels a result regardless of the evidence." *City of Austin v. Powell*, 704

---

[3]The parties do not dispute that TAMUT is a state institution that is generally entitled to sovereign immunity.

S.W.3d 437, 447 (Tex. 2024). "The foundational rule in all cases is that '[a] party suing the governmental unit bears the burden of affirmatively showing waiver of immunity.'" *Id.* (alteration in original) (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022)). "There is 'a presumption against any waiver until the plaintiff establishes otherwise.'" *Id.* (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)). "The plaintiff— the nonmovant—survives the plea to the jurisdiction only by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *Id.* (alteration in original) (quoting *Rattray*, 662 S.W.3d at 867).

When the government challenges the pleadings, that is, it "does not dispute the plaintiff's factual allegations," "evidence is irrelevant," and "[t]he question is whether the alleged facts 'affirmatively demonstrate a trial court's subject matter jurisdiction.'" *Id.* (quoting *Miranda*, 133 S.W.3d at 226). "That is 'a question of law reviewed *de novo*.'" *Id.* (quoting *Miranda*, 133 S.W.3d at 226). "If the plaintiff's allegations neither establish jurisdiction nor negate it, the plaintiff is given an opportunity to amend its pleadings, but if the allegations negate jurisdiction, the plaintiff as a matter of law cannot establish jurisdiction, so the court must grant the plea." *Id.* "In that event, the plaintiff needs to respond not with evidence but with legal argument showing the court that, as a matter of law, its allegations demonstrate an immunity waiver despite the government's contrary arguments." *Id.*

**III.    Analysis**

In one issue, Greig claims the trial court erred in determining that Section 21.211 of the Texas Labor Code barred him from pursuing his claims for race and age discrimination under the TCHRA in state court after filing a lawsuit under Title VII in federal court.

The parties here do not dispute the jurisdictional facts. They simply disagree on the application of Section 21.211.

Citing two cases from the Dallas Court of Appeals,[4] Greig urges a construction of Section 21.211 that would allow an employee to pursue state law claims under the TCHRA in state court after filing a federal discrimination suit based on the same facts. Greig claims "Section 21.211 only limits an employee's ability to bring other actions in other state or municipal courts or agencies." Conversely, TAMUT asserts Greig's pleadings do not state a viable cause of action in light of his previous filings in federal court.

Section 21.211 reads:

> A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LAB. CODE ANN. § 21.211. Greig specifically states his proposed statutory interpretation issue as "whether the phrase 'of this state' modifies (1) only the clause beginning with 'who has an action pending before an administrative agency,' as Appellee suggests, or (2) everything after the word 'initiated.'"

---

[4]Greig cites *Williams v. Vought*, 68 S.W.3d 102, 110 (Tex App.—Dallas 2001, no pet.), and *Ledesma v. Allstate Ins. Co.*, 68 S.W.3d 765, 771 (Tex. App.—Dallas 2001, no pet.).

The Texas Supreme Court has previously opined on the purpose of Section 21.211 in a manner that seems to address Greig's issue. That court noted,

> [T]he provision must be read against the backdrop of extensive and overlapping state and federal anti-discrimination statutes. Its obvious purpose, read in this context, is to provide that if a plaintiff files a federal cause of action under Title VII or another federal anti-discrimination statute, or brings a local grievance as expressly allowed under the TCHRA, []he cannot bring a duplicative claim under the TCHRA.

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 809–10 (Tex. 2010) (footnote omitted) (citation omitted) (citing *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008)). In *Waffle House*, the Texas Supreme Court reaffirmed what it had previously stated in *City of Waco v. Lopez*: "The election of remedies language simply means that a claimant can pursue a remedy for discrimination under federal law or under grievance-redress systems in existence at the local level, but pursuing either of these options precludes later initiating a [T]CHRA complaint." *Id.* at 810 (quoting *Lopez*, 259 S.W.3d at 155).

In a case procedurally very similar to the one at hand, the Texas Supreme Court has recently weighed in again on the interpretation of Section 21.211 by denying a petition for review from the Fort Worth Court of Appeals' judgment dismissing an employee's TCHRA suit for want of subject-matter jurisdiction. In *Texas Woman's University v. Casper*, the Fort Worth court stated the issue as this: "whether, under the election-of-remedies provision in the [TCHRA], a plaintiff who has filed a federal action based on allegedly unlawful employment practices is barred from filing a duplicative TCHRA complaint even if she abandons her earlier-filed federal action." *Tex. Woman's Univ. v. Casper*, No. 02-23-00384-CV, 2024 WL 1561061, *1 (Tex. App.—Fort Worth Apr. 11, 2024, pet. denied) (footnote omitted) (citation omitted).

In *Casper*, the employment-discrimination plaintiff argued the election-of-remedies provision of the TCHRA barred a state-filed TCHRA complaint "only if the earlier-filed federal action remains pending or has been resolved." *Id.* In construing Section 21.211, the Fort Worth court determined the statute bars two types of claims, depending on the status of a prior complaint: "actions 'before an administrative agency under other law or an order or ordinance of a political subdivision of this state'" and "action[s] in a court of competent jurisdiction." *Id.* at *4 (alteration in original) (quoting TEX. LAB. CODE ANN. § 21.211). For the former type of action, the prior complaint "must be 'pending' to trigger the statutory bar on a duplicative TCHRA complaint," and for the latter, "the TCHRA's bar applies if the action 'has [been] initiated.'" *Id.* (alteration in original) (quoting TEX. LAB. CODE ANN. § 21.211).[5]

Admittedly, the Fort Worth court's conclusion turned on the fact that a federal claim merely had to be initiated, rather than remain pending, to bar the employee's discrimination claims. *Id.* at *5.

Similarly, though, here Greig does not dispute that he initiated his federal action prior to filing his state-court TCHRA complaint. Though Greig dismissed his federal TCHRA claims, his Title VII race-discrimination claims remain pending there. Greig does not distinguish his

---

[5]Greig stated TAMUT's interpretation of Section 21.211 as dictating

> that two types of people are barred from bringing state court claims under the TCHRA: (1) those who have initiated an action in a court of competent jurisdiction and (2) those who have an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under Chapter 21.

Although the issue in *Casper* is stated in terms of claims that are barred by the statute rather than types of people bringing the claims, we find the court's interpretation of Section 21.211 to align with the interpretation advanced by TAMUT.

7

federal causes of action based on their procedural status, and in any event, "once a federal action has been initiated, it cannot be *un*initiated." *Id.*

The *Casper* court's analysis addresses Greig's issue. By concluding that an earlier-initiated federal suit barred the employee's state suit, the court necessarily determined that the phrase containing "of this state" acted to bar not only an employment-discrimination plaintiff's state cause of action filed after a previously initiated state suit, but also a state cause of action filed after a federal suit covering the same grievance.[6] *See id.* at *3. That conclusion defeats Greig's claim that Section 21.211 bars only his "ability to bring other actions in other state or municipal courts or agencies" as opposed to barring his state-court action filed after he initiated a federal suit on the same grievance.[7]

The reasoning behind *Casper*'s outcome also dictates the outcome here—"the plain language of the statute prohibited [Greig]—after having 'initiated an action in a court of competent jurisdiction . . . based on an act that would be an unlawful employment practice'—from fil[ing] a [TCHRA] complaint . . . for the same grievance." *Id.* at *5 (second and third

---

[6]Several of our sister courts have previously made the same determination in procedurally similar situations. *See Casper*, 2024 WL 1561061, at *2 n.4 (collecting cases).

[7]The two cases Greig advances in support of his position have previously been distinguished by our sister court in El Paso in a manner also applicable here:

> As relevant to [Section] 21.211, both *Williams* and *Ledesma* involve issues of charges filed with federal and state administrative agencies, not dual lawsuits filed in federal and state courts. *See Williams*, 68 S.W.3d at 109–11 (concluding that [Section] 21.211 does not prohibit an employee from pursuing [his] TCHRA claim while her EEOC charge is pending); *Ledesma*, 68 S.W.3d at 771 (concluding that [Section] 21.211 does not conflict with the Fifth Circuit's holding in a related case that the EEOC's right to sue letter does not trigger the sixty-day window for filing suit under the TCHRA).

*Health & Hum. Servs. Comm'n v. Quintero*, No. 08-23-00060-CV, 2023 WL 6613331, *3 (Tex. App.—El Paso Oct. 10, 2023, no pet.) (mem. op.).

alterations in original) (quoting TEX. LAB. CODE ANN. § 21.211).  Thus, the TCHRA's election-of-remedies provision does not waive immunity for any of Greig's state-court actions based on the same grievance and the trial court properly granted TAMUT's pleas to the jurisdiction.

We overrule Greig's sole issue.

## IV.     Conclusion

We affirm the judgment of the trial court dismissing Greig's claims for want of subject-matter jurisdiction.[8]


Jeff Rambin
Justice


Date Submitted:        March 14, 2025
Date Decided:          May 7, 2025

---

[8]Greig does not request the opportunity to replead, and in any event, doing so would be futile.  *See Casper*, 2024 WL 1561061, at *5 n.5 ("Because the undisputed facts establish that [the plaintiff's] TCHRA claims are barred by past events that cannot be changed, repleading would be futile.").